CITY OF COLUMBUS, APPELLEE, v. WOODRICK, APPELLANT.

(No. 75AP-622—Decided May 4, 1976.)

*Mr. John L. Francis,* city attorney, *Mr. Daniel W. Johnson,* city prosecutor, and *Mr. Edwin L. Kirby,* for appellee.

*Mr. William A. Toler,* for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court. The record shows defendant was arrested and charged with interfering with the custody of a juvenile who was duly committed to the Ohio Youth Commission. Columbus Code 2321.01(A)(1). The case was tried to the court. Defendant was found guilty and sentence was imposed. This appeal has now been perfected.

There was conflicting evidence presented. The city's case indicated that Carwona Bailey, a juvenile, was committed to the custody of the Ohio Youth Commission some time during November 1973; that she was released November 27, 1974; and that she was absent without leave from her custodian, who was her mother. She was arrested by an officer of the Columbus Police Department, March 18, 1975, for "solicitation to engage in sexual activity for

hire." The arrest was made at an apartment rented by defendant's husband. The record indicates Miss Bailey lived with him at the time of the arrest. Moreover, there was evidence presented in the city's case that she worked for him as a prostitute and he was aware of her status as a runaway.

The transcript also shows that defendant was seen the following day, March 19, 1975, with her husband removing clothing from the apartment where Miss Bailey was arrested. Subsequently, defendant and her husband, Johnny Woodrick, resided together at 947 Champion Avenue and took Carwona Bailey into their home. Defendant apparently posted bond for her. It appears she lived in the Woodrick residence for three or four weeks and generally was on friendly terms with defendant. The evidence does not reveal that she explicitly stated to defendant she was a juvenile and a runaway. There is some evidence, however, that defendant was aware of her soliciting activity.

Defense counsel moved at the close of the city's case for a judgment of acquittal, and this motion was overruled by the trial court; whereupon, the defense was presented. Miss Bailey testified that she did not tell defendant her past background and that she told her she was 22 years old. Defendant testified that she kept children for the Franklin County Children Services Board as well as the Franklin County Catholic Social Services. She verified that Miss Bailey told her she was 22 years of age and said her actions indicated she was not a minor. She also testified she was unaware of her husband's activities involving prostitution, and that her role in arranging bail for Miss Bailey was more or less as an innocent bystander. Defendant further testified that Carwona Bailey left her home. She said she took considerable time to find her so that she would be available for her hearing and, at least by inference, so she would not forfeit her bond money.

The trial court expressed a belief that defendant was aware of what was happening and was a participant in her husband's business. The court added that such a view was incidental to the particular charge involved. At any

rate, the trial court found defendant guilty and proceeded with sentencing without the opportunity for oral argument by defendant's counsel.

This appeal was timely filed, including the following assignment of error:

"The Trial Court's summary pronouncement of its verdict without allowing defendant's counsel to present his closing oral argument after the presentation of the defendant's evidence amounted to a tacit refusal to hear closing arguments which thus denied defendant her right to effective assistance of counsel and due process of law under the Sixth and Fourteenth Amendments to the U. S. Constitution and Article I, Section 10 of the Ohio Constitution."

We recognize the pressures upon a trial court to expedite the completion of cases. Moreover, it appears unlikely that counsel's arguments would have changed the verdict. The determinative issue, however, involves a waiver of a constitutional right. The United States Supreme Court, in *Herring* v. *New York* (1975), 422 U. S. 853, 95 S. Ct. 2550, has specifically addressed this question. Mr. Justice Stewart, in the majority opinion, wrote at pages 2553-2554 as follows:

"There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in the criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge. The issue has been considered less often in the context of a so-called bench trial. But the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense."

Mr. Justice Stewart further wrote, at page 2555:

"* * * In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal

the evidence for each side before submission of the case to judgment.

"(2) This is not to say that closing arguments in a criminal case must be uncontrolled or even unrestrained. The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations. He may limit counsel to a reasonable time and may terminate argument when continuation would be repetitive or redundant. He may ensure that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial. In all these respects he must have broad discretion. See generally 5 Wharton, Criminal Law and Procedure, §2077 (1957). Cf. A. B. A. Project on Standards for Criminal Justice, The Prosecution Function and the Defense Function, §§5.8 (prosecution) and 7.8 (defense), at 126-129, 277-282 (1970)."

There is, of course, the argument that counsel did not request the right to argue at the close of the trial; that in fact there was a brief comment by counsel upon the motion to dismiss after the city rested; and that the evidence was sufficient to sustain the conviction. The crucial stumbling block to this argument is that the United States Supreme Court, in the *Herring* case, underlined the principle that a closing argument in a criminal case involves a criminal defendant's Sixth and Fourteenth Amendment rights guaranteed by the United States Constitution. Considering this determination by the United States Supreme Court that the closing argument is part of a basic due process right, there is necessarily a presumption against a waiver of such a fundamental right.

In the absence of the direct constitutional issue, we could reasonably find harmless error and affirm the trial court's judgment. Nonetheless, the *Herring* case is controlling. Furthermore, for a waiver of a constitutional right to be effective, it must be clearly established that there was an intentional relinquishment of a known right. It is the unquestioned right of a person charged with a crime to be heard by the court, through counsel. Essen-

tially, the accused has the right to subject all the facts and evidence presented at trial to a logical analysis, regardless of how otherwise convincing the evidence may appear. It is fundamental that, when a waiver of a constitutional right is involved, there is a presumption against waiver, rather than the acquiescence in the loss of a basic constitutional right. Hence, for a waiver of a federal constitutional right to be effective, it must be plainly shown that there was an intentional relinquishment or abandonment of a known right. (Note annotation, 38 A. L. R. 2d 1396.) The transcript does not show such a waiver in this case.

For the foregoing reasons, defendant's assignment of error is well taken and sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

HOLMES and McCORMAC, JJ., concur.