OPINION
{¶ 1} On July 26, 2001, a complaint was filed alleging appellant, Robert Baumgardt, failed to comply with an order from the Lancaster City Health Department pursuant to Lancaster Codified Ordinance No. 1512.01 by failing to maintain a structure in a clean, safe, secure and sanitary condition.
 {¶ 2} A bench trial commenced on December 5, 2001. Appellant represented himself. At the conclusion of the trial, the trial court found appellant guilty. By judgment entry filed January 4, 2002, the trial court sentenced appellant to one hundred eighty days in jail, ninety days suspended on the condition of two years good behavior, and fined him $200 plus court costs. By judgment entry filed February 11, 2002, the trial court found appellant was in compliance with the ordinance and suspended eighty-seven days of the previously imposed sentence.[1]
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 {¶ 4} "THE TRIAL COURT ERRED AND DENIED APPELLANT A FAIR TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION WHERE THE TRIAL COURT DENIED APPELLANT THE OPPORTUNITY TO PRESENT CLOSING ARGUMENT PRIOR TO RENDERING JUDGMENT."
II
 {¶ 5} "THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION WHERE THE TRIAL COURT SUMMARILY RENDERED JUDGMENT WITHOUT ALLOWING APPELLANT TO FINISH PRESENTING EVIDENCE IN HIS CASE-IN-CHIEF."
I, II
 {¶ 6} Appellant claims the trial court erred in denying him the opportunity to present evidence and a closing argument. We agree.
 {¶ 7} At the outset, the state argues the issue is moot because appellant complied with the trial court's order by demolishing the subject structure. We disagree, finding appellant is on probation subject to the balance of a suspended jail sentence.
 {¶ 8} The state presented the testimony of one witness, Shaun Fowler, a code enforcement officer for the Lancaster City Health Department. After the close of the state's case-in-chief, the trial court asked appellant if he wished to present any testimony. T. at 72. Appellant responded in the affirmative and he was sworn in. Id. Appellant then testified for some ten pages. T. at 73-82. During his testimony, appellant admitted he was not in compliance with the order. T. at 82. Thereafter, the trial court noted this admission and found appellant guilty of violating "Property Maintenance Code Section 301.3 and/or Section 1512.01 of the Lancaster Codified Ordinances." T. at 82-83. The trial court did not ask appellant if he had further evidence to present and did not entertain closing arguments. Appellant did not object to this procedure.
 {¶ 9} In Herring v. New York (1975), 422 U.S. 853, 859, the United States Supreme Court held "the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense."
 {¶ 10} In State v. Hoover (May 11, 1992), Stark App. No. CA-8761, this court succinctly set forth the law regarding this issue:
 {¶ 11} "The Sixth Amendment's guarantee of assistance of counsel, applicable to the States through the Fourteenth Amendment, is violated when a trial court, in either a jury or a bench trial, denies the defense the opportunity to make a closing argument before rendition of judgment. Herring v. New York
(1975), 422 U.S. 853. * * * The defense cannot be denied this right even when it appears to the trial court that there is no question about guilt. Id. at 863. This is a per se rule, to which the harmless error standard does not apply. Patty v. Bordenkircher (6th Cir. 1979), 603 F.2d 587. (Footnote omitted.)
 {¶ 12} "For a waiver of the Federal Constitutional right to closing argument to be effective, it must be plainly shown that there was an intentional relinquishment or abandonment of a known right. City ofColumbus v. Woodrick (1976), 48 Ohio App.2d 274."
 {¶ 13} A failure to object on the record is not sufficient to waive this constitutional right. State v. Barnard (May 6, 1991), Stark App. No. CA-8388.
 {¶ 14} During appellant's testimony, the trial court noted appellant admitted he was not in compliance. The trial court then immediately found appellant guilty. The record is unclear as to whether appellant had any additional witnesses, testimony or evidence to present. The transcript does not show "an intentional relinquishment or abandonment" of appellant's right to present closing argument.
 {¶ 15} Assignments of Error I and II are granted.
 {¶ 16} The judgment of the Municipal Court of Fairfield County, Ohio is hereby vacated and remanded.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
topic: failure to hear closing arguments
[1] Appellant served three days in jail commencing on January 7, 2002.