The STATE of Ohio, Appellee,

v.

JACK, Appellant.

[Cite as *State v. Jack*, 156 Ohio App.3d 260, 2004-Ohio-775.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2003–CA–51.

Decided Feb. 20, 2004.

William F. Schenck, Greene County Prosecuting Attorney, and Elizabeth A. Ellis, Assistant Prosecuting Attorney, for appellee.

Douglas G. Houston, for appellant.

FAIN, Presiding Judge.

{¶ 1} Defendant-appellant Jacob W. Jack appeals from his conviction and sentence, following a bench trial, for trafficking in marijuana. Jack contends that the trial court erred by denying his motion to suppress evidence that he claimed was obtained as the result of an unlawful search and seizure. He further contends that the trial court denied him the right to present oral argument at the close of trial.

{¶ 2} We conclude that the trial court did not err in denying the motion to suppress. However, we conclude, based upon the this record, that the trial court did effectively deny Jack the opportunity to present oral argument. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

{¶ 3} Jack was indicted for one count of trafficking in marijuana and one count of attempted trafficking in marijuana. Following the entry of a not-guilty plea, Jack filed a motion to suppress all evidence obtained by the police, on the basis that the evidence was obtained following an improper stop and search. The trial court denied the motion.

{¶ 4} Thereafter, Jack waived his right to a jury trial. Following a bench trial, Jack was convicted of trafficking in marijuana. The trial judge did not convict Jack on the charge of attempted trafficking. Jack was sentenced accordingly. From his conviction and sentence, Jack appeals.

II

{¶ 5} Jack's first assignment of error is as follows:

{¶ 6} "The trial court erred by failing to suppress the stop and subsequent search of the appellant."

{¶ 7} Jack contends that the trial court should have granted his motion to suppress all evidence gained through the course of a stop and search. In support, he argues that the investigating police officer had no reasonable suspicion to justify stopping him.

{¶ 8} In a motion to suppress, the trial court, as the trier of fact, is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Therefore, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Guysinger* (1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726.

{¶ 9} In this case, the undisputed evidence is adduced from the testimony of Steve Lane given at the hearing on the motion to suppress. Lane is a sergeant with the Xenia Police Department. He testified that he was on routine patrol in a police cruiser on September 1, 2002, when he received a radio dispatch that another officer needed assistance. Lane testified that he learned that the other officer had stopped a vehicle and that the three persons in that vehicle had fled on foot. According to Lane, the other officer was able to catch one of the individuals. However, Lane testified that the other officer informed him that the other two individuals were still loose and of the general direction in which they were heading.

{¶ 10} Lane testified that he had begun patrolling the area when he observed two individuals on foot coming from the general area in which the suspects had run. Lane testified that he observed the two individuals get into a parked car. Lane testified that he thought that these two individuals were the ones who left the scene of the other officer's stop because it was approximately 3:40 a.m., just a few minutes after the dispatch, when he saw these two individuals come on foot from the general location of the other officer, and because he saw no one else walking in the vicinity.

{¶ 11} Lane testified that he stopped his car and approached on foot toward the individuals in the parked car. He further testified that as he approached, he observed the front passenger lean forward and make a motion as though he were either trying to retrieve an object or to conceal an object. He noted that the driver's window was down and that the car was not running. At that point, Lane testified that he told the individuals to "let me see your hands." Lane testified that he informed the occupants that he was searching for two people who had run from another officer. When Lane asked the two whether they were the ones he was looking for, they answered in the negative. Lane then testified that the passenger informed him that he had merely put down an open beer container.

Lane testified that both occupants appeared to be high. He further testified that since the passenger appeared to be under the legal drinking age, and because he smelled the odor of alcohol emanating from the vehicle, he went around to the passenger and initiated a conversation. The passenger was subsequently asked to step out of the car, at which point he was placed under arrest. Next, Lane approached the occupant of the driver's seat, who was identified as Jack. Lane testified that he asked Jack to step out of the vehicle in order to speak to him. When Jack got out of the car, Lane noticed that he had on a sweatshirt that had one, two-sided pocket across the front. Lane was also able to observe a bag filled with a "leafy green substance" showing from both ends of the pocket. Lane testified that the bag appeared to hold marijuana. At that point, Jack was arrested.

{¶ 12} Accepting these facts as true, we must now determine whether the trial court erred in applying the substantive law to the facts of this case. In determining whether a stop and search are unreasonable, we must determine whether an officer's actions are justified at their inception and are reasonably related in scope to the circumstances that justified the interference in the first place. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. The officer must be able to point to specific and articulable facts that reasonably warrant the intrusion and must reasonably conclude that the individual is engaged in criminal activity. Id. To make this assessment, the facts must be judged against an objective standard. Id.

{¶ 13} We begin by noting that approaching the occupants of a parked car to ask questions does not constitute a seizure. *State v. Carter*, Montgomery App. No. 19833, 2004-Ohio-454, 2004 WL 225309. We conclude that at the point Lane approached the vehicle, his actions did not rise to the level of an investigatory stop. The testimony was that Lane parked his cruiser a full car-length in front of the car Jack was in, so that Jack was not blocked by the cruiser.

{¶ 14} The first actual intrusion upon a protected liberty interest occurred when Lane asked the occupants of the car to show their hands. This was a minimal intrusion, reasonably limited to Lane's concern that the motion of the passenger he observed while approaching the car might have involved a weapon.

{¶ 15} Based upon Lane's suspicions that the occupants of the car were the individuals he was looking for, and given the circumstances presented at the point he reached the vehicle, i.e., the smell of alcohol along with an open container held by an underage drinker and the appearance that both persons were "high," we conclude that Lane had a reasonable, articulable basis for suspecting that criminal activity was afoot.

{¶ 16} We conclude that the search was valid, and any evidence recovered as a result was not obtained as the result of an unlawful search. Accordingly, Jack's first assignment of error is overruled.

### III

{¶ 17} Jack's second assignment of error is as follows:

{¶ 18} "The trial court committed reversible error by failing to allow defendant's counsel to make a closing argument at trial."

{¶ 19} Jack contends that his conviction should be reversed because the trial court did not grant his trial counsel the opportunity to present a closing argument at trial.

{¶ 20} A review of the transcript reveals that following the close of the evidence, the trial judge announced that he would "take this matter under advisement" and return to the bench "momentarily." Upon returning to the bench, the judge made the following statement:

{¶ 21} "I did indicate to the Court Reporter that I did not give counsel an opportunity to give closing remarks, because this is a Bench trial. There is no need to persuade one way or another as far as the Jury is concerned."

{¶ 22} The judge then went on to state that he found Jack guilty of trafficking in marijuana.

{¶ 23} In Ohio, there is a split of authority on the issue of whether the failure to give the defense an opportunity to present oral argument constitutes reversible error when there is no indication that counsel requested the opportunity to do so. The Ninth and Eleventh District Courts of Appeal have held that in the absence of a request for argument, or an objection to the denial of a request, the right is waived. See *State v. Newton* (June 27, 1997), Lake App. No. 96–L–058, 1997 WL 401557; *State v. Yoder* (Feb. 5, 1986), Wayne App. No. 2099, 1986 WL 1740. Conversely, the Tenth and Fifth Districts have held that in order for a waiver of the right to be effective, silence is not sufficient—the record must affirmatively show that the right was intentionally relinquished. See *Columbus v. Woodrick* (1976), 48 Ohio App.2d 274, 2 O.O.3d 232, 357 N.E.2d 58; *State v. Hoover* (May 11, 1992), Starke App. No. CA–8761, 1992 WL 127070.

{¶ 24} There is no indication from the transcript that trial counsel asked, on the record, for an opportunity to present argument. Additionally, the record does not demonstrate that defense counsel raised any objection.

{¶ 25} We need not decide, in this case, whether trial counsel's failure to assert a right to present closing argument constitutes a waiver of that right where the trial court has taken no position with respect to the existence of the right. We

conclude that the trial court's statement to counsel upon returning to the bench reasonably led trial counsel to conclude that a request for the opportunity for closing argument, or an objection to the lack of the opportunity, would have been unavailing.

{¶ 26} The reason for requiring a litigant to preserve error in the record by asserting a right or by objecting to a trial court's ruling is to prevent inadvertent errors by the trial court. Where a trial judge simply forgets to afford counsel the opportunity to make closing argument, it is reasonable to expect trial counsel, as an officer of the court, to remind the judge that his client is entitled to argue the case. Here, the trial judge made it clear, on the record, that he was not going to allow closing argument, upon the mistaken belief that a litigant has no right to closing argument at a bench trial. Under the circumstances of this case, we conclude that Jack was erroneously denied his right to closing argument and did not knowingly and voluntarily waive that right.

{¶ 27} Jack's second assignment of error is sustained.

## IV

{¶ 28} Jack's second assignment of error having been sustained and his first assignment of error having been overruled, we reverse the judgment of the trial court and remand this cause for further proceedings.

Judgment reversed in part
and cause remanded.

BROGAN, J., concurs.

WOLFF, J., dissents.

WOLFF, Judge, dissenting.

{¶ 29} I agree with the majority's disposition of the first assignment of error. Unlike the majority, I would also overrule the second assignment.

{¶ 30} The issue is not whether Jack had a right to closing argument. We agree that he did. The issue is whether Jack preserved for appellate redress the trial court's error in not affording to Jack the opportunity for final argument.

{¶ 31} I believe that he did not.

{¶ 32} I am not certain that had trial counsel for Jack asked for closing argument—and asserted Jack's right to argument—the trial court would have refused to allow it.

{¶ 33} Furthermore, this record fails to demonstrate that Jack even wanted to avail himself of final argument. A request for argument and an objection had the

trial court still refused to allow it would persuade me—as this record fails to do—that Jack was deprived of a fundamental right for which this court should provide a remedy.

{¶ 34} Accordingly, I agree with the position taken by the Ninth and Eleventh Districts—cited in the majority opinion—and dissent from the judgment as it sustains the second assignment of error.