{¶ 1} Appellant Robert Baron was convicted in a bench trial in Struthers Municipal Court of violating Struthers Municipal Ordinance 1397.08, failure to maintain the foundation of a dwelling, a minor misdemeanor. A charge of failing to keep his lawn below six inches was dismissed at trial. Appellant was fined $100.00 and court costs. Appellant has not paid the fine and has appealed the conviction. Based on the record, it is clear that the state did not prove all the elements of the charge. The trial court's judgment is reversed, the conviction is vacated and the charge is dismissed.
 {¶ 2} Appellant was cited on August 2, 2004, for not maintaining the foundation of his house and for not mowing his lawn. He was cited by the Safety Service Director of the City of Struthers, Mr. John Sveda. Appellant requested a bench trial, which occurred on September 9, 2005. Mr. Sveda testified at trial that he was called by Appellant's neighbors to investigate problems at Baron's house located at 45 Creed Street in Struthers. Mr. Sveda went to the home and found, "a crack in the back section of the foundation of the home." (Tr., p. 5.) The prosecutor introduced a photo of the cracked wall into evidence, but it does not appear in the record on appeal.
 {¶ 3} On cross-examination, Mr. Sveda testified that the crack was above ground level. (Tr., p. 12.) Appellant's counsel pointed out that, according to the definitions in the city ordinances, a "foundation" referred to construction that was "primarily below grade," meaning primarily below ground level. Mr. Sveda testified that he did not know how much of the cinder block wall was below grade level. He *Page 2 
did not take any measurements of the wall, and did not enter the house to examine the inner part of the wall because Appellant was not at home. Despite the lack of any empirical evidence, Mr. Sveda opined that the wall was primarily below grade:
 {¶ 4} "Q * * * And this crack that we are talking about, you say it is in the foundation, correct?
 {¶ 5} "A I certainly did.
 {¶ 6} "Q But you cannot testify that that foundation is construction primarily below grade level, can you?
 {¶ 7} "A Yes, I can.
 {¶ 8} "Q How much below grade level is it?
 {¶ 9} "A I don't know how many courses. I know it goes below grade level.
 {¶ 10} "Q How far below grade level?
 {¶ 11} "A I don't know but I know it goes below grade level.
 {¶ 12} "Q Is it an inch below grade?
 {¶ 13} "A It is more than an inch.
 {¶ 14} "Q Two inches?
 {¶ 15} "A More than two.
 {¶ 16} "Q How much?
 {¶ 17} "A I don't know but I know it is more than that as well as I know that under those clothes you are naked." (Tr., pp. 17-18.)
 {¶ 18} Appellant also testified at trial. Appellant stated that the cracked wall in question was part of an addition to the house that was completed approximately 60 *Page 3 
to 80 years ago. He stated that there is no basement under the part of the house where the crack was located. He testified that the wall in question was set directly on the ground and was merely cosmetic. He testified that, "[s]omebody piled some blocks up and slapped some wood around them." (Tr., p. 24.) He stated that the blocks making up the wall did not go below grade level and sat right on the grass. Appellant also testified that the problem with the cracked wall was fixed after the citation was issued. A cement foundation had been poured and the wall was reset.
 {¶ 19} The trial court agreed that, according to the ordinance definitions, the term "foundation" referred to a structure that was primarily below grade level. (Tr., p. 16.) The court held that Mr. Sveda's testimony was sufficient to establish this fact. The court found Appellant guilty and fined him $100 plus court costs. This timely appeal followed the same day, September 9, 2005.
 {¶ 20} Appellee has not responded to this appeal. Pursuant to App.R. 18(C), "If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard at oral argument except by permission of the court upon a showing of good cause submitted in writing prior to argument; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 ASSIGNMENT OF ERROR NO. 1 {¶ 21} "APPELLANT'S CONVICTION SHOULD BE REVERSED AS THE EVIDENCE SUPPORTING THE TRIAL COURT'S FINDING OF GUILT WAS *Page 4 
INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CHARGE BEYOND A REASONABLE DOUBT AND THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 22} Appellant contends that the state did not prove all the elements of its case. Struthers Municipal Ordinance 1397.08 states:
 {¶ 23} "(a) All foundations of every dwelling unit shall be maintained in good repair and structurally sound.
 {¶ 24} "(b) All openings into the foundation of every structure shall be protected against the entrance of rodents."
 {¶ 25} The term "foundation" is also defined in Struthers City Ordinance 1397.04: "`Foundation' means construction primarily below grade, which provides support for exterior walls or other structural parts of a building or structure."
 {¶ 26} Appellant argues that the state was required to prove that the wall in question, the wall with the crack, was a foundation wall. Appellant argues that part of the definition of foundation is that it is "primarily below grade." There seems to be no dispute that "grade" means ground level, i.e., the level where the ground meets the building structure. The question is whether the state proved, or needed to prove, that the wall in question was a foundation that existed primarily below ground level.
 {¶ 27} "A claim of insufficient evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Scott,101 Ohio St.3d 31, 2004-Ohio-10, 800 N.E.2d 1133, ¶ 31. To determine whether sufficient evidence exists to support a *Page 5 
conviction, the reviewing court must determine, "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 28} A claim that a verdict is against the manifest weight of the evidence is somewhat different than a claim that insufficient evidence existed. A challenge to the manifest weight of the evidence requires a reviewing court to review the entire record and weigh the evidence, including witness credibility, and determine whether the factfinder, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quotingState v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. In determining whether a verdict is against the manifest weight of the evidence, the reviewing court sits as a "thirteenth juror." Id. A reversal based on the manifest weight of the evidence is only for the most, "exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 29} Turning to the sufficiency argument, Appellant appears to be correct that, based on the definition in the city ordinance, a conviction for failure to maintain a foundation must contain some type of proof that the structure in question is actually part of a foundation, which according to the relevant definition refers to a part of the building that is primarily below grade level. There is no need to determine here whether the word "primarily" means 25% or 51% or 75% or some other quantity, because Mr. Sveda could not establish that any of the wall in question was below *Page 6 
grade level. It is true that Mr. Sveda did testify rather vehemently that he believed the wall went below grade level, but when asked what his basis was for coming to that conclusion, he gave the somewhat facetious answer: "I don't know but I know it is * * * as well as I know that under those clothes you are naked." (Tr., p. 18.) This type of testimony is not evidentiary, it is mere opinion. Mr. Sveda obviously stated at hearing his unsubstantiated belief that the cinder block wall extended below ground level. "A criminal conviction should not arise from an unsubstantiated belief." Mayfield Hts. v. Riddle (1995),108 Ohio App.3d 337, 342, 670 N.E.2d 1019.
 {¶ 30} Appellee did not respond to this appeal, but it is apparent from the record that the trial court had absolutely no evidence on which to base a conviction, here. The fact that there is a crack in a wall above ground level does not prove, for purposes of a conviction under this ordinance, that the wall was, in fact, part of a foundation. Perhaps under some other definition of "foundation" Appellant could have been convicted here. However, the Struthers' ordinances contain a very specific definition of "foundation" for enforcement purposes. The issue in this matter hinged on whether the wall itself was primarily below ground level. The state provided no proof as to the relevant issue. Therefore, Appellant's first assignment of error has merit. There is insufficient evidence to establish an element of the charge, and Appellant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. 2 *Page 7 {¶ 31} "THE TRIAL COURT'S FAILURE TO ALLOW APPELLANT'S COUNSEL TO PRESENT A CLOSING ARGUMENT CONSTITUTES REVERSIBLE ERROR."
 {¶ 32} Appellant's second assignment is predicated upon the assertion that the trial court erred when it did not provide the defense an opportunity to present a closing argument, thereby denying appellant his right to effective assistance of counsel and due process of law. While we have reversed the matter based on Appellant's first assignment of error, Appellant's argument under this second assignment is relevant to the outcome of this matter and bears addressing.
 {¶ 33} The United States Supreme Court has held that a closing argument in a criminal case, whether tried by a jury or tried to the judge in a bench trial, is included as part of the right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution. Herring v. New York (1975), 422 U.S. 853,858-859, 95 S.Ct. 2550, 45 L.Ed.2d 593. Herring, though, is inapposite to the facts of the instant appeal. The defendant's attorney inHerring specifically requested the opportunity to deliver a closing argument, but the trial court refused the request. Thus,Herring appears to stand for the proposition that a trial court must permit the defense in a criminal trial to give a closing argument if there is a request to do so.
 {¶ 34} A different question is presented if defense counsel never indicates to the trial court a desire to exercise the right to make a closing argument. Ohio courts have come to different conclusions on this issue. The case cited by Appellant, *Page 8 Columbus v. Woodrick (1976), 48 Ohio App.2d 274, 277-278, 357 N.E.2d 58, held: "The failure of a court to allow defense counsel in a criminal trial to present a closing argument is reversible error, in the absence of a plain showing that there was an intentional waiver of the right." Id. at syllabus. Woodrick also held that the mere failure to request closing argument is an insufficient indication of a clear waiver of the right to present a closing argument. Id. The Fifth and Sixth District Courts of Appeals came to similar conclusions in State v. Hoover (May 11, 1992), 5th Dist. No. CA-8761, and City of Toledo v. Volkers (Sept. 27, 1985), 6th Dist. No. L-85-114.
 {¶ 35} The Eleventh District has taken a different position. InState v. Erickson (Apr. 29, 1988), 11th Dist. No. 12-137, the court held that if a defendant neither requests a closing argument nor lodges an objection with the trial court, then the defendant has waived the right to raise the issue on appeal. The Eleventh District reaffirmed this position in State v. Newton (June 27, 1999), 11th Dist. 96-L-058. The Ninth District takes a similar position. See State v. Yoder (Feb. 5, 1986), 9th Dist. No. 2099.
 {¶ 36} The Second District also appears to lean toward the view expressed by the Eleventh and Ninth Districts in holding: "The reason for requiring a litigant to preserve error in the record by asserting a right or by objecting to a trial court's ruling is to prevent inadvertent errors by the trial court. Where a trial judge simply forgets to afford counsel the opportunity to make closing argument, it is reasonable to expect trial counsel, as an officer of the court, to remind the judge that his client is entitled to argue the case."State v. Jack, 156 Ohio App.3d 260, 2004-Ohio-775, *Page 9 805 N.E.2d 187, ¶ 26. In Jack the court also held that counsel's silence could not be considered as a waiver because the record reflected that any further objection or discussion by defense counsel would have been futile or unavailing. Id. at ¶ 25. Thus, the matter was reversed due to the failure of the trial court to permit the defense to make closing argument.
 {¶ 37} This Court came to a similar conclusion in a very recent case,State v. Bowersock, 7th Dist. Nos. 05 MO 19, 05 MO 20, 2006-Ohio-7102
(decided December 29, 2006). Bowersock held that if it would be futile or unavailing to challenge the denial of the right to closing argument, then counsel's silence or failure to object could not be treated as a waiver of the right to present closing argument. The instant case appears to be akin to the Bowersock and Jack cases, in that Appellant rested his case and, immediately thereafter, the trial court found Appellant guilty. It appears that closing argument would have been helpful in this case, because the trial court seemed to misunderstand the main point Appellant's counsel was trying to make during trial, namely, that the state was required to prove that the wall at issue was actually a foundation wall pursuant to ordinance definition, and that this fact could not simply be assumed. (Tr., p. 17.) Once the verdict was announced, with no further comments being permitted by anyone after Appellant rested his case, it is unclear how any further discussion by Appellant's counsel would have made any difference. Had Appellant been allowed his right to present closing argument this conviction may have been avoided. Therefore, Appellant's second assignment of error also has merit. *Page 10 
 {¶ 38} Both of Appellant's assignments of error are meritorious. Based on the lack of sufficient evidence to establish the charge of failure to maintain the foundation of a dwelling, the conviction is vacated and the charge is dismissed.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1