OPINION
{¶ 1} Defendant-Appellant, James C. McCausland, appeals the decision of the Butler County Area III Court, finding him guilty, at the conclusion of a bench trial, for speeding, operating a vehicle under the influence (OVI), and an OVI refusal with a prior conviction.[1] We affirm the decision of the trial court.
 {¶ 2} On March 6, 2007, appellant's vehicle was stopped after an Ohio State Highway *Page 2 
Patrol Officer determined that he was travelling in excess of the speed limit, was driving in two lanes, and had a slow reaction to a red light. Upon approaching appellant, the officer detected the odor of alcohol emanating from him, and noted his eyes were both bloodshot and glassy. In addition, appellant admitted to the officer that he had a large beer (20 ounces) prior to operating his motor vehicle. The officer conducted a field sobriety test which appellant failed.[2] The officer then requested that appellant submit to a portable breath test, but appellant refused. Subsequently, the officer placed him under arrest for the OVI, read him his Miranda rights and took him to the Monroe Police Department. While at the police department, appellant refused yet another breath test. Appellant was cited for speeding in violation of R.C. 4511.21(C); an OVI in violation of R.C. 4511.19(A)(1)(a); and an OVI refusal with a prior conviction within 20 years in violation of R.C. 4511.19(A)(2)(b).
 {¶ 3} Appellant initially pled not guilty and requested a jury trial. A few days prior to the trial date, however, appellant withdrew his jury demand and the court set a bench trial for September 4, 2007. At the bench trial, the prosecution and the defense were both given the opportunity to present their cases. Each party presented one witness. After the defense rested their case, the prosecution recalled their witness, the patrol officer, to give further testimony. The defense was also given the opportunity to recross-examine the witness. The prosecution then rested its case. A "pause" was noted on the record, after which the judge made his findings of guilt as to the speeding violation, and found that a totality of the circumstances indicated that the state had proven beyond a reasonable doubt that appellant was guilty of an OVI and an OVI refusal with a prior conviction. The court then sentenced appellant accordingly.[3] *Page 3 
 {¶ 4} Prior to pronouncing the sentence and prior to adjourning court, the judge had at least two more conversations on the record with appellant's attorney. While the court did not ask for closing arguments, at no time did appellant's counsel object to not being able to make a summation, nor did he request the opportunity to make a closing argument. Appellant now appeals the trial court's decision by raising a single assignment of error.
 {¶ 5} "THE TRIAL COURT ERRED AND DENIED APPELLANT A FAIR TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN IT DENIED COUNSEL THE OPPORTUNITY TO MAKE A CLOSING ARGUMENT PRIOR TO THE JUDGMENT OF THE TRIAL COURT."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court denied his counsel the opportunity to make a closing argument before the court rendered its decision. We find appellant's argument without merit.
 {¶ 7} In 1975, the United States Supreme Court discussed the issue of the denial of closing arguments in Herring v. New York (1975),422 U.S. 853, 95 S.Ct. 2550. At that time, the state of New York had a statute which granted a trial court the discretion to deny counsel an opportunity to make a summation of the evidence prior to judgment in a nonjury criminal trial. Id. At the close of the defense's case, Herring's attorney requested some time to "be heard * * * on the facts." Id. The court summarily denied his request pursuant to the statute, and proceeded with its determination of guilt. Id. The Supreme Court stated that the Sixth Amendment Right to Counsel, as applied to the states via the Fourteenth Amendment, had been found to mean that there should never be "restrictions on the function of counsel in defending a criminal prosecution." Id. The Court then noted, "[t]he right to the assistance of counsel has thus been given a meaning that ensures to the defense in a criminal trial the opportunity to participate fully and fairly in the adversary factfinding process." Id. at 858.
 {¶ 8} The Court then went on to state that the defense's closing argument, "is a basic *Page 4 
element of the adversa[rial] factfinding process in a criminal trial." Id. Even where a case seems overwhelmingly in favor of the prosecution, defense counsel has a right to make a closing argument to a jury. Id.[4] The Herring Court then noted there was considerable authority to suggest that "a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense." Id. (emphasis added).[5]
 {¶ 9} While the Herring Court did find that the defendant had a right to a "summation of the evidence most favorable to him" the Court's holding was limited to a constitutional violation where a trial court affirmatively denied the defense's request for a closing argument. Id. at 864-65. There was nothing in Herring to suggest that its holding applied when there was merely an omission of a summation.
 {¶ 10} In Ohio, the appellate districts are split with regards to the issue of whether the omission of an opportunity to make a closing argument is a constitutional violation. The question was first addressed by the Tenth District in City of Columbus v. Woodrick (1976),48 Ohio App.2d 274. The Woodrick court determined Herring stood for the proposition that, "a closing argument is part of a basic due process right, [and] there is necessarily a presumption against a waiver of such a fundamental right." Id. at 277. The court continued by stating that because the right to a closing argument was a constitutional right, "it must be clearly established * * * [or] it must be plainly shown that there was an intentional relinquishment or abandonment of a known right." Id. at 277-78. Most recently, the Tenth District put a further requirement on closing argument waivers by finding the "relinquishment of the right to closing argument must be express, intentional, and voluntary." State v. Garrard, *Page 5 170 Ohio App.3d 487, 2007-Ohio-1244, ¶ 51.[6]
 {¶ 11} The Fifth, Sixth and Seventh Districts have embraced the Tenth District's rationale and accepted the idea that "failure to request closing argument is an insufficient indication of a clear waiver of the right to present a closing argument." State v. Baron, Mahoning App. No. 05-MA-156, 2007-Ohio-4323, ¶ 34, citing Woodrick at syllabus;[7] but see, State v. Bowersock, Monroe App. No. 05 MO 19, 05 MO 20, 2006-Ohio 7102, ¶ 20-22 (holding where a request for a closing argument, or a lack of objection, would be unavailing or denied, there must be an affirmative waiver of the right to a closing argument (emphasis added)), and State v. Barnard (May 6, 1991), Stark App. No. CA-8388,1991 WL 76455 at *2 (holding that an "appellant's failure to object on the record after the trial court denied the closing argument is not sufficient to waive the constitutional right" (emphasis added)).
 {¶ 12} Other districts have adopted a contrary position on this issue. In State v. Brown (Dec. 30, 1983), Clermont App. No. CA-1210, 1211, at 4, this court found that the holding in Herring applied only to an improper denial of defense counsel's request for a final argument. InBrown, we found that because there was no request for a final argument by either party, both parties had the opportunity to request a summation, the trial court did not affirmatively deny any request by the appellant to make a closing argument, and the appellant failed to raise an objection to the trial court before or after the verdict was rendered, the failure to allow a closing argument was not reversible error.[8] Id. at 4-5. *Page 6 
 {¶ 13} A few years later, the Ninth District agreed with this court's rationale in Brown stating, "absent an affirmative denial of closing argument, the lack of such argument is not a basis for reversal."State v. Yoder (Feb. 5 1986), Wayne App. No. 2099, 1986 WL 1740 at *3. Additionally the court noted, "had counsel wished to object [to an absence of a summation] * * * he would have done so." Id.
 {¶ 14} Both the Eleventh District and the Eighth District have also adopted a similar view. In State v. Erickson (Apr. 29, 1988), Lake App. No. 12-137, 1988 WL 41557 at *2, the Eleventh District distinguishedHerring by holding that because the record before them did not contain a request to make a closing argument, the failure to make a request did not warrant overturning the decision of the trial court. The Eleventh District further confirmed this holding when it held, "[i]f defense counsel in a criminal trial does not object or request the opportunity to make a closing argument, then the issue is waived upon appeal."[9]State v. Newton (June 27, 1997), Lake App. No. 96-L-058, 1997 WL 401557
at *4. Finally, the Eighth District held that because there was no denial by the trial court of the opportunity for appellant's counsel to make a closing argument and because there was no request for a closing argument, the assignment of error was overruled. Jackson v. Jackson
(Dec. 16, 1993), Cuyahoga App. Nos. 64284, 64873, 1993 WL 526704 at *4.
 {¶ 15} We find, consistent with our prior holding in Brown, that the Tenth, Fifth, Sixth and Seventh Districts' extension ofHerring's holding is unpersuasive. The opinion in Herring dealt with the affirmative denial of a summation request, and we decline to expand its *Page 7 
rationale to create a presumption against waiver when a closing is neither requested by the defense nor objected to when not offered by the court.
 {¶ 16} We also take note of two additional cases with regards to this issue. In State v. Jack, 156 Ohio App.3d 260, 2004-Ohio-775, ¶ 26, the Second District stated, "[w]here a trial judge simply forgets to afford counsel the opportunity to make closing argument, it is reasonable to expect trial counsel, as an officer of the court, to remind the judge that his client is entitled to argue the case."[10] Lastly, the Third District stated that, "[w]hile denial of the right to present a summation in a criminal case is error," the appellant failed to demonstrate that the error was prejudicial and his assignment of error was overruled. State v. Wheeler (Dec. 30, 1991), Seneca App. No. 13-91-10, 1991 WL 280010, at *5.
 {¶ 17} Finally, we note that R.C. 2315.01(A)(6), following a section regarding the conclusion of evidence, states:
 {¶ 18} "The parties then may submit or argue the case to the jury. The party required first to produce that party's evidence shall have the opening and closing arguments. If several defendants have separate defenses and appear by different counsel, the court shall arrange their relative order." (Emphasis added).
 {¶ 19} While the language of the procedure is specific to jury trials, the statute uses the word "may" rather than "shall" or "will" indicating the parties themselves carry the burden of asserting their desire to make a summation. We will not expand either the meaning of the Ohio Revised Code or the holding in Herring beyond what the plain meaning of their words convey.
 {¶ 20} Turning to the instant case, and consistent with our holding inBrown, we find *Page 8 Herring inapplicable to the facts now before us. The trial court did not deny appellant's request for a closing argument because appellant never requested a summation. Neither defense counsel nor the prosecution asked for a final argument, although they had the opportunity to request one before the court rendered its verdict. In fact, the record indicates there was a "pause" after the examination of the recalled witness, but before the judge made his determination. Appellant also neglected to raise an objection to the trial court either before, or after, the verdict was returned. The transcript of the trial also shows that appellant's attorney spoke to the court after the decision, yet nothing was mentioned regarding a summation.
 {¶ 21} We also note that the bench trial was set for three o'clock p.m. and was completed by the end of the day, as there was no break indicated in the transcript. Furthermore, the state only called one witness, the patrol officer, and the defense only called appellant as a witness. There was also very little complexity to the case. With this in mind, it is entirely plausible that appellant's counsel did not feel the need to make a closing argument to the court.
 {¶ 22} Finally we address appellant's argument that denial of a summation is reversible error, while appellee argues that a plain error standard should be applied to this matter.
 {¶ 23} "A fair administration of justice requires that, when an error occurs in a trial, the trial judge should be given an opportunity, if possible, to correct it. Otherwise, a party could take a chance on success without raising any objection to such error, and then, if he failed to succeed, avail himself of an error which might otherwise have been corrected." State v. Hunt (Aug. 31, 1983), Warren App. No. 83-01-001, at 5; quoting 3 American Jurisprudence, 25 et seq., Section 246. Even if we assumed an actual error was involved, because appellant's counsel failed to raise the issue, any analysis made by this court would be under plain error. Crim. R. 52. *Page 9 
 {¶ 24} An error or defect which affects substantial rights is analyzed under a plain error standard: (1) "there must be an error * * * a deviation from a legal rule;" (2) "the error must be plain" that is "an obvious defect in the trial proceedings;" and (3) "the error must have affected substantial rights" meaning "the error must have affected the outcome of the trial." State v. Barnes, 94 Ohio St.3d 21, 27,2002-Ohio-68 (internal quotations omitted). "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." State v. Moreland (1990),50 Ohio St.3d 58, 62.
 {¶ 25} "[An] error, defect, irregularity or variance which does not affect substantial rights shall be disregarded" as harmless error. Crim. R. 52(A); see also State v. Brown (1992), 65 Ohio St.3d 483, 485. "In other words, the accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free from all error."State v. Collier, Butler App. No. CA03-11-282, 2005-Ohio-944, ¶ 20, citing Brown at 485.[11]
 {¶ 26} Plain error does not exist because there is no indication that the outcome of this trial would have been any different even if a closing argument had been made. As we previously stated, there were only two witnesses, the trial was conducted over a relatively short time period, and the issues were not so complex as to require a detailed summation at the close of evidence. Thus, even applying a plain error analysis, nothing indicates that the outcome of the trial would have been different had defense counsel presented a closing argument.
 {¶ 27} Because the court did not deny appellant's counsel the ability to make a closing argument prior to making its judgment, appellant's assignment of error is hereby overruled.
 {¶ 28} Judgment affirmed.
WALSH, P.J. and YOUNG, J., concur.
[1] The OVI refusal was merged into the OVI.
[2] The officer conducted a horizontal gaze nystagmus test which appellant did not satisfactorily perform.
[3] The court assessed appellant a $10.00 fine for speeding and a $350.00 fine for the OVI plus costs. The sentence also included a 180 day jail sentence, of which 174 days were suspended; two years of non-reporting probation; a three-day alcohol intervention program and a 180-day license suspension.
[4] Among the cases cited by the Herring court was Weaver v.State (1874), 24 Ohio St. 584. Herring at fn. 8.
[5] The Supreme Court cited Decker v. State (1925), 113 Ohio St. 512,525-26, which held that a judge's refusal to hear any argument from the defense was a deprivation of defendant's right to a defense as he had a fundamental right to, "state his case fully and fairly, both upon the legal propositions and upon the evidence presented." Herring at fn. 9.
[6] The Garrard court found there was no waiver. Id. at ¶ 54. The court chose to apply the plain error doctrine and found there was a recognizable error; however, because the recognition of plain error is discretionary, the court decided not to exercise its discretion and overruled the appellant's assignment of error. Id. at ¶ 58, 64, 70-71.
[7] See also, State v. Baumgardt, Fairfield App. No. 02CA7, 2002-Ohio-4662, ¶ 12-14; In Matter of Wilson (Feb. 22, 1994), Stark App. No. CA-9438, 1994 WL 66879 at *1; State v. Woods (Apr. 5, 1993), Stark App. No. CA-9115, 1993 WL 116096, *2-3; State v. Hoover (May 11, 1992), Stark App. No. CA-8761, 1992 WL 127070 at *2-3; State v. Patton (Dec. 30, 1983), Wood App. No. WD-83-51, 1983 WL 2346 at *1-2; and City ofToledo v. Volkers (Sep. 27, 1985), Lucas App. No. L-85-114, 1985 WL 7606
at *1.
[8] "[W]aiver of [a] closing argument * * * might simply constitute a matter of trial strategy." State v. Farrah, Franklin App. No. 01AP-968, 2002-Ohio-1918, ¶ 58, citing State v. Burke, 73 Ohio St.3d 399, 404-05,1995-Ohio-290 and State v. Apanovich (1987), 33 Ohio St.3d 19, 24. It is entirely possible that counsel, by his silence, chose not to make a summation in this case. We must presume, if this was indeed the case, counsel's decision was rendered within the standard of "reasonable professional assistance." Strickland v. Washington (1984), 466 U.S. 668,689, 104 S.Ct. 2052.
[9] Because of Herring's limited holding, we do not reach the question of whether there was a knowing, voluntary or intelligent waiver or in fact merely a failure by defense counsel to make a timely request for a closing argument. See, State v. Payne, 114 Ohio St.3d 502,2007-Ohio-4642, ¶ 23; see also, United States v. Olano (1993),507 U.S. 725, 733, 113 S.Ct. 1770.
[10] It should be observed that the Second District reversed the trial court in Jack because the record indicated that any attempt made by counsel to request a closing argument, or object to the lack of opportunity to make one, would have been unavailing. Jack at ¶ 25; see also, State v. Bowersock, Monroe App. Nos. 05MO19, 05MO20,2006-Ohio-7102.
[11] Even where the harmless error is linked to some constitutional guarantee, a court need only, "declare a belief that it was harmless beyond a reasonable doubt." Brown at 485, quoting Chapman v.California (1967), 386 U.S. 18, 24, 87 S.Ct. 824. *Page 1