THE STATE OF OHIO, APPELLEE, *v.* MCCAUSLAND, APPELLANT.

[Cite as *State v. McCausland,* 124 Ohio St.3d 8, 2009-Ohio-5933.]

*Criminal law — Right to counsel — Closing argument — A criminal defendant waives the Sixth Amendment right to present a closing argument when he or she neither requests a closing argument nor objects to its omission.*

(No. 2008-2415 — Submitted September 29, 2009 — Decided November 17, 2009.)

APPEAL from the Court of Appeals for Butler County, No. CA2007-10-254, 2008-Ohio-5660.

_____

SYLLABUS OF THE COURT

A criminal defendant waives the Sixth Amendment right to present a closing argument when he or she neither requests a closing argument nor objects to its omission.

_____

LUNDBERG STRATTON, J.

{¶ 1} Today this court must decide whether a defendant is denied the Sixth Amendment right to counsel when he or she has the opportunity to request a closing argument but fails to do so and then fails to object to its omission. Because we hold that the right to closing argument can be waived, we affirm the judgment of the court of appeals.

**Facts**

{¶ 2} The Ohio State Highway Patrol cited James C. McCausland, defendant-appellant, for speeding pursuant to R.C. 4511.21(C), operating a vehicle under the influence of alcohol pursuant to R.C. 4511.19(A)(1)(a), and refusal of a chemical test with a prior conviction within 20 years pursuant to R.C.

4511.19(A)(2)(b). McCausland, represented by counsel, withdrew his jury demand and proceeded with a bench trial.

{¶ 3} There were two witnesses. The arresting trooper testified for the state, and McCausland testified on his own behalf. As rebuttal, the state recalled the trooper, and McCausland's counsel cross-examined the trooper again. After the judge told the trooper he could step down from the witness stand, the prosecutor stated, "You Honor that's all we have," to which the judge replied, "Alright." The transcript indicates a "pause" in the proceedings, but neither the prosecution nor the defense requested the opportunity to present closing argument. The judge then summarized the evidence in detail and found McCausland guilty on all three charges.

{¶ 4} McCausland appealed, arguing that the trial court had erred and had denied him a fair trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution when it denied counsel the opportunity to make a closing argument prior to the judgment of the trial court. The Court of Appeals for Butler County affirmed the judgment of the trial court. *State v. McCausland*, Butler App. No. CA2007-10-254, 2008-Ohio-5660. McCausland appealed, and the case is now before us upon the acceptance of a discretionary appeal. *State v. McCausland*, 121 Ohio St.3d 1424, 2009-Ohio-1296, 903 N.E.2d 324.

**Analysis**

{¶ 5} The United States Supreme Court considered the significance of closing argument in the criminal case *Herring v. New York* (1975), 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593, which involved a New York statute that allowed a trial judge to deny the opportunity for any closing argument in a bench trial. Id. at 853-854. When Herring's attorney asked to "be heard somewhat on the facts" at the conclusion of the defense case, the trial judge replied: "Under the new statute, summation is discretionary, and I choose not to hear summations." Id. at 856.

**{¶ 6}** In reversing, the United States Supreme Court held: "There can be no doubt that closing argument for the defense is a basic element of the adversary factfinding process in a criminal trial. Accordingly, it has universally been held that counsel for the defense has a right to make a closing summation to the jury, no matter how strong the case for the prosecution may appear to the presiding judge. The issue has been considered less often in the context of a so-called bench trial. But the overwhelming weight of authority, in both federal and state courts, holds that a total denial of the opportunity for final argument in a nonjury criminal trial is a denial of the basic right of the accused to make his defense." *Herring*, 422 U.S. 858-859, 95 S.Ct. 2550, 45 L.Ed.2d 593.

**{¶ 7}** In quoting *Yopps v. State* (1962), 228 Md. 204, 178 A.2d 879, however, the court also indicated that this right to closing argument can be waived. Id. at 207. Whether that waiver must be express or may be by omission appears to divide the appellate courts in Ohio and is before the court today for resolution.

**{¶ 8}** As the appellate decision in this case indicates, there are essentially two opposing positions taken by our appellate districts. The Fifth, Sixth, and Seventh Districts[1] follow the Tenth District's decision in *Columbus v. Woodrick* (1976), 48 Ohio App.2d 274, 2 O.O.3d 232, 357 N.E.2d 58, in concluding that *Herring* holds, "[T]he closing argument is part of a basic due process right, [and] there is necessarily a presumption against a waiver of such a fundamental right." Id. at 277. Thus, the waiver "must be clearly established * * *; it must be plainly shown that there was an intentional relinquishment or abandonment of a known right." Id. at 277-278. Later, the Tenth District added that this relinquishment of

---

1. See, e.g., *State v. Hoover* (May 11, 1992), Stark App. No. CA-8761, 1992 WL 127070, *2; *State v. Patton* (Dec. 30, 1983), Wood App. No. WD-83-51, 1983 WL 2346, *2; *State v. Baron*, Mahoning App. No. 05 MA 156, 2007-Ohio-4323, ¶ 37.

the right to closing argument "must be express, intentional, and voluntary." *State v. Garrard*, 170 Ohio App.3d 487, 2007-Ohio-1244, 867 N.E.2d 887, ¶ 51.

{¶ 9} The other approach, adopted by the court of appeals in this case, holds that *Herring* is a narrow case dealing with a statute that expressly permitted a trial judge to affirmatively deny defense counsel's specific request for closing argument and should not be extended to cases like this one, in which counsel fails to request closing argument and fails to object to its omission. This view, adopted by the Eighth, Ninth, Eleventh, and Twelfth District Courts of Appeals, holds that absent an express denial of closing argument, the lack of closing argument is not a basis for reversal. See *State v. Brown* (Dec. 30, 1983), Clermont App. No. CA-1210, 1983 WL 6344, at *2; *State v. Yoder* (Feb. 5, 1986), Wayne App. No. 2099, 1986 WL 1740, at *3; *State v. Erickson* (Apr. 29, 1988), Lake App. No. 12-137, 1988 WL 41557, at *2; *State v. Newton* (June 27, 1997), Lake App. No. 96-L-058, 1997 WL 401557, at *4, and *Jackson v. Jackson* (Dec. 16, 1993), Cuyahoga App. Nos. 64284 and 64873, 1993 WL 526704, at *4.

{¶ 10} We agree with the decision not to extend *Herring* to create a presumption against waiver when a closing argument is neither requested by the defense nor objected to when omitted by the court. First, we note that *Herring* involved a specific statute that affirmatively permitted a trial court to deny a defendant the opportunity to present closing argument when requested. *Herring*, 422 U.S. at 853-854, 95 S.Ct. 2550, 45 L.Ed.2d 593. Herring's counsel expressly requested closing argument, and the trial court specifically denied it. Id. at 856. Here, McCausland neither requested closing argument nor objected to its omission.

{¶ 11} At the close of the case, there was a "pause" noted in the record. Neither the state nor the defense began closing arguments or requested them. Moreover, after the judge began to recite the facts and evidence, the judge engaged in conversation with defense counsel prior to sentencing, at which time

counsel could have requested closing argument or at the very least objected to its omission. Counsel declined to do either and therefore waived the right to closing argument.

{¶ 12} In *State v. Bey* (1999), 85 Ohio St.3d 487, 709 N.E.2d 484, this court held that a trial court is not *required* to conduct an inquiry with the defendant concerning the decision whether to testify in his or her defense, a decision that this court noted was an " 'important tactical decision as well as a matter of constitutional right.' " Id. at 499, quoting *Brooks v. Tennessee* (1972), 406 U.S. 605, 612, 92 S.Ct. 1891, 32 L.Ed.2d 358. Surely then, the same conclusion is warranted in the case at bar. Counsel's decision not to request closing argument could reflect a tactical decision to omit closing argument in a case that involved only speeding and driving under the influence of alcohol, included only two witnesses, and took only an afternoon to complete. Either closing argument was unnecessary given that the trial was to the bench or counsel's omission of closing argument was a strategic decision not to prolong the conclusion of a simple case. Regardless, we conclude that the trial judge did not deny counsel the opportunity to request closing argument, that counsel failed to request closing argument, and furthermore that counsel did not object to its omission. Therefore, the defendant waived his right to closing argument.

{¶ 13} As recently as earlier this year, this court discussed the waiving of various constitutional rights in *State v. Pasqualone,* 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, including the right to cross-examine the laboratory analyst who authored the report on a drug found in a defendant's possession. We noted that there are some rights that can be waived only by a defendant personally after he or she is fully informed of them: the right to counsel, the right to plead not guilty, the right to waive a jury, the right to testify in his or her own behalf, and the right to appeal. Id. at ¶ 23.

{¶ 14} However, as to a criminal defendant's Sixth Amendment right to confront witnesses, we held that "an accused's attorney is capable of waiving his [or her] client's right to confrontation by not demanding that a laboratory analyst testify pursuant to the opportunity afforded by [the relevant statute], because whether to cross-examine a particular witness is properly viewed as a decision relating to trial tactics or strategy." Id. at ¶ 44. We also held that "the procedures of [the statute] adequately protect an accused's right to confrontation, so that an accused who fails to demand the testimony of the analyst pursuant to [the statute] validly waives his opportunity to cross-examine the analyst." Id. We arrived at this conclusion after noting that the relevant question for purposes of the waiver inquiry under the Confrontation Clause of the Sixth Amendment was whether the defendant had an *opportunity* for cross-examination. Id. at ¶ 35.

{¶ 15} In this case, McCausland had the opportunity to present a closing argument but waived his right to closing argument when he failed to request it and failed to object to its omission. There is no evidence that the trial court denied counsel on either side the opportunity to present a closing argument. We find that no plain error exists because there was no indication that the outcome of this trial would have been different had a closing argument been made. *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240; Crim.R. 52(B). As previously noted, there were only two witnesses, the issues were simple, and the trial was brief. Accordingly, we agree with the court of appeals that even applying a plain-error analysis, we would find nothing in the record to indicate that the outcome of McCausland's bench trial would have been different had counsel presented a closing argument.

## Conclusion

{¶ 16} At oral argument, McCausland's counsel argued that this case turns on two words: "opportunity" and "waiver." He also asserted that he is asking trial judges to affirmatively say only one word at the close of the case:

"Closing?" While this practice may be the better one, the Constitution does not require it. We therefore hold that a criminal defendant waives the right to present a closing argument when he or she neither requests a closing argument nor objects to its omission. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

————————————

Robin N. Piper, Butler County Prosecuting Attorney, Michael A. Oster Jr., Chief, Appellate Division, and Gloria J. Sigman, Assistant Prosecuting Attorney, for appellee.

Matthew T. Ernst and Adam Bleile, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor, and Eric A. Baum, Assistant Solicitor, urging affirmance for amicus curiae, Ohio Attorney General.

————————————