[Cite as *Courtney v. Buehrer*, 2017-Ohio-56.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| CHAD COURTNEY, | : | |
| Plaintiff-Appellant, | : | CASE NO. CA2016-06-040 |
| | : | O P I N I O N |
| - vs - | | 1/9/2017 |
| | : | |
| STEPHEN BUEHRER, ADMR., OHIO | : | |
| BUREAU OF WORKERS COMPENSATION, et al., | : | |
| Defendants-Appellees. | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015 CVD 00290

Mark Weisser, 600 Vine Street, Suite 1920, Cincinnati, Ohio 45202, for plaintiff-appellant

Mike DeWine, Ohio Attorney General, James M. Carroll, 1600 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for plaintiff-appellee, Stephen Buehrer, Admin., BWC

J. Stephen Wirthlin, 1745 Madison Road, Cincinnati, Ohio 45206, for appellee, Sunesis Construction Co.

**RINGLAND, J.**

{¶ 1} Plaintiff-appellant, Chad Courtney, appeals the decision of the Clermont County Court of Common Pleas, affirming the denial of his workers' compensation appeal. For the reasons detailed below, we affirm.

{¶ 2} Courtney was injured while working for Sunesis Construction Company and subsequently filed a workers' compensation claim. The Bureau of Workers' Compensation (BWC) approved Courtney's claim for the following conditions: cervical strain, lumbar strain, transverse process fracture L2 left, transverse process fracture L3 left, and subcutaneous contusion of the left buttock.

{¶ 3} Thereafter, Courtney sought to amend his claim to allow for additional conditions, including the substantial aggravation of pre-existing degenerative disk disease. That claim, however, was denied by the BWC. Courtney appealed that decision to the Clermont County Court of Common Pleas.

{¶ 4} A trial de novo was held on March 3, 2016. Prior to the introduction of evidence, the court indicated its intention to have the parties submit written closing arguments in lieu of oral argument. Those written arguments were to be submitted "in blind," i.e., submitted directly to the trial court without rebuttal from either side. As reflected by the record, the trial court stated:

> TRIAL COURT: It's just really not going to fit in my schedule. Because what happens is when I have trials, I keep my morning docket light, hopefully. And I end up having fairly substantial dockets on the Thursday and Friday of each week. And it's just a very - - it's just difficult. But that's the process, obviously. Mr. Courtney, I'm sure, will testify, and then I will review the doctors' depositions, and we'll get the written closings at - - on this case. And then once that's done, obviously I - - I'll have everything I need to issue a decision. All right?
>
> APPELLANT'S COUNSEL: Very good.
>
> TRIAL COURT: Thank you very much. Go ahead.

Neither party objected to this decision. Following the close of evidence, the trial court again noted the request for written argument.

> TRIAL COURT: All right. And – and as I've indicated, what I'd like to do, normally I would do a – an oral statement, but I think we'll just give you about 2 to 3 weeks to just submit a brief written

- 2 -

closing statement. I mean, it's a pretty straightforward case, with all due respect to the parties from the standpoint of – of the circumstances, and the injury, the allowed claims, and it happens – it boils down to as most of these do to the battle of the experts, so to speak. So submit it blind, if you will * * *

* * *

APPELLANT'S COUNSEL: Your honor, you said you wanted those arguments submitted in blind?

TRIAL COURT: Yeah, just submitted in blind. That's fine.

APPELLANT'S COUNSEL: That's fine.

TRIAL COURT: Yeah.

APPELLANT'S COUNSEL: Okay. I just wanted to make sure I heard you.

{¶ 5} Thereafter, the record reflects that both parties submitted written closing arguments. In a judgment entry dated May 20, 2016, the trial court denied the additional conditions. Courtney now appeals, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT INSTRUCTED COUNSEL TO SUBMIT CLOSING ARGUMENTS "IN BLIND," THE TRIAL COURT VIOLATED R.C. 2315.01(A)(6), AS WELL AS R.C. 2315.08.

{¶ 7} In his sole assignment of error, Courtney argues the trial court erred by ordering that the parties submit written closing arguments in lieu of oral argument. In so doing, Courtney alleges the trial court violated R.C. 2315.01(A)(6). In addition, Courtney claims the trial court violated Civ.R. 5 because the briefs were submitted "in blind," thus depriving him of an opportunity to reply to the BWC's written argument. We find no merit to Courtney's claim.

{¶ 8} A trial court judge possesses inherent power to regulate court proceedings and a ruling or order by the court affecting the conduct of trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion. *Dollries v. Dollries*, 12th Dist. Butler Nos. CA2012-08-167 and CA2012-11-234, 2014-Ohio-1883, ¶ 15.

{¶ 9} Because Courtney did not object to the trial court's decision to order the submission of written closing arguments in lieu of oral argument he has waived all but plain error. In a civil context, the plain error doctrine applies only when an error "seriously affects the basic fairness, integrity, or public reputation of the judicial process." *Hornsby v. Gosser*, 12th Dist. Warren No. CA2013-12-134, 2015-Ohio-162, ¶ 21.

{¶ 10} We find the trial court did not err by directing the parties to submit written closing arguments in blind. Courtney's reliance on R.C. 2315.01(A)(6) is misplaced, as the statute plainly authorizes a trial court to deviate from the specific procedure outlined in that provision when there are "special circumstances." In the present case, the trial court made the parties aware of its busy docket schedule and informed them prior to opening statements that closing arguments were to be submitted in written form. Following the close of evidence, the request for written argument was reaffirmed by the trial court. Again, neither party objected.

{¶ 11} Furthermore, Courtney's reliance on Civ.R. 5 is similarly without merit, as subsection (E) permits the filing of documents with the judge. While Courtney claims that he was deprived the opportunity to respond to BWC's argument, the fact remains that this method of closing was agreed to by the parties, or, at a minimum, acquiesced to through discussion with counsel and the trial court. Even in the context of a criminal trial, the Ohio Supreme Court has held that closing argument may be waived. *See State v. McCausland*, 124 Ohio St.3d 8, 2009-Ohio-5933, ¶ 16. Here, the record reflects that the trial court requested each party to provide a written argument in blind detailing its position and Courtney did not argue or even ask for additional briefing.

{¶ 12} Finally, the decision to proceed in this manner did not prejudice the parties. It is abundantly clear from the record that the decision to proceed through written argument did not amount to error, much less plain error. The trial court heard all the evidence in this case

- 4 -

and rendered an appropriate judgment based on the facts. The disputed factual issues were simple and straightforward, in essence requiring that the trial court consider the weight and importance of the respective expert witnesses and Courtney's medical condition. All parties were informed well in advance that closing argument would be done through written briefing. This was simply a matter of judicial discretion in the handling of its court proceedings. Accordingly, we find the trial court did not err by ordering written closing arguments. Courtney's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.