[Cite as *State v. Battles*, 2019-Ohio-3115.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28260 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3239 |
| | : | |
| DAVID BATTLES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of August, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
   Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
   Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellant, David Battles, following a guilty plea to aggravated burglary, was sentenced to a three-year prison term. Appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that she can find no arguably meritorious appellate issues. After conducting an independent review of the record, we agree with this assessment. Accordingly, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} Battles was indicted for aggravated burglary, a felony of the first degree. The possible prison term for a first-degree felony is three to eleven years. The indictment included a three-year firearm specification. In a separate "B indictment," Battles was indicted for trespassing in a habitation, a fourth-degree felony; this indictment also included a three-year firearm specification. It seems that the indictments related to the same incident.

{¶ 3} Following plea negotiations, Battles pleaded guilty to aggravated burglary; the firearm specification was dismissed. Additionally, the "B indictment" was dismissed. After completion of a presentence investigation (PSI), the trial court conducted a sentencing hearing and imposed a three-year prison term. This appeal followed.

{¶ 4} Appellate counsel was appointed to represent Battles. Counsel, as noted, filed an *Anders* brief along with a request for leave to withdraw as counsel. We informed Battles of the *Anders* filing and of his right, within 60 days of the *Anders* notice, to file a pro se brief. Battles has not filed a brief.

## *Anders* **Standard**

{¶ 5} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Instead, an issue is frivolous when, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

## *Anders* **Review**

{¶ 6} Counsel, consistent with her duty under *Anders*, has identified a potential appellate issue as follows: "Is [Battles's] three year prison sentence contrary to law because the trial court failed to consider the factors in [R.C.] 2929.11 and 2929.12 as required?" Counsel concludes that this issue is not an arguably meritorious appellate issue. We concur in this conclusion.

{¶ 7} R.C. 2929.13(D)(1) provides that when a sentence is imposed for a first- or second-degree felony, "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Despite this presumption, under R.C. 2929.13(D)(2), the sentencing court may sentence the defendant to a term of

community control sanctions (CCS), "but only if the sentencing court finds that [CCS] would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors." *State v. Montgomery*, 2d Dist. Montgomery No. 27222, 2017-Ohio-56, ¶ 8. Thus, when considering whether the R.C. 2929.13(D)(1) presumption of imprisonment may be overcome, a trial court must evaluate R.C. 2929.11 and R.C. 2929.12. However, even assuming there is significant evidence to support a conclusion that the presumption may be overcome, "the plain statutory language indicates * * * [a] sentencing court is under no obligation to impose [CCS] simply because the offender meets the eligibility requirements." *Id.* at ¶ 8, citing *State v. Davis*, 8th Dist. Cuyahoga No. 81170, 2002-Ohio-7068, ¶ 25; *State v. Redman*, 3d Dist. Allen No. 1-15-54, 2016-Ohio-860, ¶ 51.

{¶ 8} At the sentencing hearing, the trial court referenced its consideration of R.C. 2929.13 and indicated, based upon this consideration, that the presumption of a prison sentence could not be "overcome." Given this, and especially in light of the trial court's imposition of the minimum prison term, any argument that Battles's sentence was contrary to law or was clearly and convincingly not supported by the record would be wholly frivolous. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1; R.C. 2953.08(G)(2).

{¶ 9} Additionally, we have carefully reviewed the transcript of the plea hearing. This review revealed the trial court's adherence to the Crim.R. 11 requirements, and, further, there is no indication in the record that Battles's guilty plea was less than knowing, voluntary, and intelligent. In short, any argument attacking Battles's guilty plea would

also be wholly frivolous.

{¶ 10} Finally, we have reviewed the entire record, including the PSI and all plea and sentencing entries. Our review has not revealed any potentially meritorious appellate issues.

## Conclusion

{¶ 11} We have found no non-frivolous issues for appellate review. Counsel's request to withdraw is granted, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kirsten Knight
Hon. Dennis J. Adkins