[Cite as *State v. Battles*, 2021-Ohio-223.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28773 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-3239 |
| | : | |
| DAVID BATTLES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 29th day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

DAVID BATTLES, Inmate No. 749-649, Southeastern Correctional Complex, 5900 B.I.S. Road, Lancaster, Ohio 43130
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant, David Battles, appeals from the trial court's order overruling his motion to compel the Montgomery County Clerk of Courts to deliver a transcript of his plea hearing to the Second District Court of Appeals. Finding no error, the trial court's order will be affirmed.

## Facts and Procedural History

{¶ 2} On November 29, 2018, Battles pleaded guilty to aggravated burglary, a first-degree felony. The trial court sentenced Battles to a three-year prison term. Battles pursued a direct appeal, but his counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We conducted an independent review of the record and found no "non-frivolous issues for appellate review," and we affirmed the trial court's judgment. *State v. Battles*, 2d Dist. Montgomery No. 28260, 2019-Ohio-3115, ¶ 11.

{¶ 3} Thereafter, Battles filed a motion to withdraw his guilty plea. The trial court overruled this motion on May 15, 2019. Battles did not appeal. Battles also filed a petition for post-conviction relief. The trial court denied the petition on January 30, 2020. Once again, Battles did not file an appeal.

{¶ 4} On March 3, 2020, Battles filed a motion stating in part:

Now comes Appellant, David Battles, Pro Se and respectfully moves for an Order compelling the Montgomery County Common Pleas Clerk of Courts to forward a copy of the change of plea hearing transcript held on November 29, 2018 to Appellant. * * *

Appellant also asserts that there is no need to have the court reporte[r] prepare complete transcript of proceedings in[ ] this case for

reason those transcripts have already been made available to the Second District Court of Appeal[s], Case Number 28260, thus the clerk of courts have possession of those transcripts.

Montgomery App. No. 28260 was the case number assigned to Battles's direct appeal; as noted above, we affirmed the trial court's judgment in that case.

{¶ 5} On March 6, 2020, the trial court overruled Battles's motion stating as follows: "a transcript [of the plea hearing] was previously filed in the Second District. *See* Case No. CA 28260. Further, the Second District affirmed the judgment of this court on August 2, 2019." This appeal followed.

**Analysis**

{¶ 6} Though Battles does not address the issue in his appellate briefs, the issue on appeal is the trial court's order overruling his motion for a plea hearing transcript. This transcript was filed in support of Battles's direct appeal. "The Supreme Court of Ohio has repeatedly adhered to the position that defendants are not entitled to a transcript where the transcript has already been filed in their direct appeal, and that only one copy of the transcript of criminal [proceedings] must be provided to indigent criminal defendants." *State v. Taylor*, 2d Dist. Montgomery No. 26327, 2016-Ohio-1100, ¶ 16, citing *State ex rel. Call v. Zimmers*, 85 Ohio St.3d 367, 368, 708 N.E.2d 711 (1999). Given this, the trial court did not err by overruling Battles's motion seeking an order requiring the filing of a second plea hearing transcript in the court.

{¶ 7} Instead of focusing on the transcript issue, Battles makes a number of arguments that are not relevant to this appeal. The issues raised seemingly include an assertion that his arrest was not based upon probable cause, that he was denied the right

to a speedy trial, that trial counsel was ineffective, that he was entitled to post-conviction relief, and that he is actually innocent.   None of these issues are before this court in this appeal.   Thus, we refrain from any discussion of these issues.

## Conclusion

{¶ 8} For the indicated reasons, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
David Battles
Hon. Dennis J. Adkins