[Cite as *State v. Powell*, 2022-Ohio-3220.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

WILLIAM L. POWELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0050**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 2020 CRB 1012

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Kathleen Thompson,* City of Youngstown Prosecutor, 9 West Front Street, 3rd Floor, Youngstown, Ohio 44503,  for Plaintiff-Appellee and

*Atty. Nicholas S. Cerni*, 755 Boardman Canfield Road, Suite M-1, Youngstown, Ohio 44512, for Defendant-Appellant.


Dated:  September 7, 2021

**D'Apolito, J.**

{¶1}  Appellant, William L. Powell, appeals from the May 21, 2021 judgment of the Youngstown Municipal Court sentencing him for misdemeanor assault following a bench trial.  On appeal, Appellant argues the trial court erred in finding him guilty without hearing closing arguments.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}  On August 28, 2020, a criminal complaint was filed against Appellant charging him with assault, a misdemeanor of the first degree, in violation of R.C. 2903.13(A).  Appellant was appointed counsel, pled not guilty, and waived his right to a speedy trial.

{¶3}  A bench trial was held on April 13, 2021.  Appellee, the State of Ohio, presented two witnesses: Officer Zachary Scott, with the Youngstown Police Department ("YPD"); and Lequila Hatten ("the victim").

{¶4}  On August 28, 2020, the victim was at Appellant's residence.  YPD were called in reference to a fight.  Officer Scott arrived first.  He found the victim with "fresh blood" on her face, a cut above one eye, and her other eye swollen shut.  (4/13/2021 Bench Trial T.p., p. 7).  The victim was outside "crying, pretty hysterical."  (*Id.* at p. 9).  The victim told Officer Scott that Appellant was the perpetrator.  Appellant was ultimately arrested.  There was no evidence that he was injured in any way.  The victim testified that Appellant "wanted to have sex" and "started talking crazy."  (*Id.* at p. 34).  The victim began to leave and the "[n]ext thing you know, [Appellant] was hitting [her]."  (*Id.*)

{¶5}  At the conclusion of the State's case, Appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court.  (*Id.* at p. 50).  Appellant did not present any witnesses and the defense rested.  (*Id.*)  The trial court immediately found Appellant guilty of misdemeanor assault without hearing closing arguments.  (*Id.*)  Defense counsel did not object to the omission nor request closing arguments.  (*Id.*)  Rather, defense counsel inquired as to a sentencing date.  (*Id.* at p. 50-52).

{¶6}  A sentencing hearing was held on May 5, 2021.  On May 21, 2021, the trial court sentenced Appellant to 90 days in jail, credit for five days served, with 90 days

suspended and two years of probation. In addition, Appellant was ordered to complete substance abuse and to comply with a mental health evaluation, including any treatment. Appellant was also fined $100 plus costs.[1]

**{¶7}** Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW THE DEFENDANT TO RENEW HIS RULE 29 MOTION AND PROCEED TO CLOSING ARGUMENT.**

**{¶8}** In his sole assignment of error, Appellant mainly argues the trial court erred in finding him guilty of misdemeanor assault without hearing closing arguments.

**{¶9}** Specifically, Appellant's position is that if a trial court fails to afford an opportunity for closing arguments and the defense remains silent on the omission, the silence is not a waiver of the right to present a closing argument. In support, Appellant cites to three cases: *State v. Baron*, 7th Dist. Mahoning No. 05 MA 156, 2007-Ohio-4323; *State v. Jack*, 156 Ohio App.3d 260, 2004-Ohio-775 (2nd Dist.); *State v. Bowersock*, 7th Dist. Monroe Nos. 05 MO 19 and 05 MO 20, 2006-Ohio-7102. Appellant's reliance on these cases is misplaced, however, as they all pre-date the Supreme Court of Ohio's holding in *State v. McCausland*, 124 Ohio St.3d 8, 2009-Ohio-5933, which narrowed the application of this rule.

> The United States Supreme Court has held that a statute permitting a trial judge to deny a criminal defendant closing argument denies "the basic right of the accused to make his defense" in violation of the Sixth Amendment of the United States Constitution. *Herring v. New York* (1975), 422 U.S. 853, 859, 95 S.Ct. 2550, 45 L.Ed.2d 593. Thus, a trial court is not permitted to *totally* deny a criminal defendant the opportunity to present a closing argument whether his trial is to a jury or to the bench. *Id.,* see also, e.g., *State v. McCausland,* [*supra*], at ¶ 6. However, the right to present a

---

[1] Appellant's sentence was stayed pending appeal.

closing argument may be waived. *Id.* at ¶ 7, 918 N.E.2d 507, citing *Yopps v. State* (1962), 228 Md. 204, 207, 178 A.2d 879.

*State v. Barnes*, 3rd Dist. Auglaize No. 2-09-23, 2010-Ohio-987, ¶ 26; *see also State v. Askia*, 5th Dist. Delaware No. 2012-CA-13, 2012-Ohio-4670, ¶ 33; *State v. Frierson*, 8th Dist. Cuyahoga No. 105618, 2018-Ohio-391, ¶ 29.

{¶10} The Supreme Court of Ohio has held that such a waiver need not be express, intentional, and voluntary. *McCausland, supra,* at ¶ 8-10. Rather, "[a] criminal defendant waives the Sixth Amendment right to present a closing argument when he or she neither requests a closing argument nor objects to its omission." *Id.* at syllabus.

{¶11} As stated, at the conclusion of the State's case, Appellant moved for an acquittal pursuant to Crim.R. 29, which was overruled by the trial court. Appellant did not present any witnesses and the defense rested. The trial court immediately found Appellant guilty of misdemeanor assault without hearing closing arguments. Defense counsel did not object to the omission nor request closing arguments. Rather, defense counsel inquired as to a sentencing date. Unlike *Bowersock*, the trial court did not have any discussion about closing arguments that would lead one to believe that an objection or inquiry about the omission would have been futile. Rather, the record reveals the failure to hear closing arguments was merely an oversight and not done intentionally, which could have been corrected if the defense had not remained silent on the matter.

{¶12} Based on the facts presented, Appellant waived his Sixth Amendment right to present a closing argument because he neither requested a closing argument nor objected to its omission. *See McCausland, supra,* at syllabus; *see also Frierson, supra,* at ¶ 31 (Holding that the better practice would have been for the trial judge to ask defense counsel if he wanted to make a closing argument; the appellant's counsel failed to request an opportunity to make a closing argument, both before and after he orally argued his Crim.R. 29 motion and, thus, waived the right to make a closing argument; however, that waiver does not constitute ineffective assistance because the appellant's counsel may have strategically chosen not to pursue a closing argument to prevent a rebuttal by the State.)

**{¶13}** Accordingly, the trial court did not err in finding Appellant guilty of misdemeanor assault without hearing closing arguments as Appellant waived this right because he neither requested a closing argument nor objected to its omission.

## CONCLUSION

**{¶14}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The May 21, 2021 judgment of the Youngstown Municipal Court sentencing Appellant for misdemeanor assault following a bench trial is affirmed.


Donofrio, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**